**Felton Lamar GRAY, Petitioner–Appellant,**

v.

**Brian BELLEQUE, Respondent–Appellee.**

No. 06–35051.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2006.

Filed Dec. 29, 2006.

Amy Baggio, Assistant Public Defender, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Oregon state prisoner Felton Lamar Gray appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his manslaughter conviction. We review a district court's denial of a § 2254 petition de novo. *See Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir.2003). We may grant Gray's petition only if he demonstrates that the state court's adjudication on the merits resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The state court found that Gray's counsel did not call certain witnesses to testify to the victim's aggressive nature because some statements made by the witnesses were more harmful to Gray's case than helpful, and the witnesses had not recently known the victim. On that basis, the state court concluded that Gray's counsel exercised reasonable professional judgment in choosing not to call certain witnesses. The state court's findings were not an "unreasonable determination of the facts," and its conclusion was not based on an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The state court also determined that counsel did not perform deficiently in failing to rehabilitate Gray after his peaceable character was called into question. Even if error, Gray can show no prejudice resulting from such error. Substantial evidence in the record of Gray's aggressive tendencies satisfies us that there was not a

reasonable probability that the result of the trial would have been different had these witnesses been called to testify in support of Gray's defense. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. The state court's rejection of his ineffective assistance of counsel claim did not constitute an unreasonable application of clearly established Supreme Court precedent.

Gray's inability to make a "substantial showing of the denial of a constitutional right" in regard to his uncertified claim precludes our expansion of the Certificate of Appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.